**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESUS MARTIN ADAN TAKURY BERLANGA,<br>*Petitioner*,<br>v.<br>WARDEN, *et al.*,<br>*Respondents*. | Civil Action No. 26-8417 (ZNQ)<br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on Petitioner Jesus Martin Adan Takury Berlanga's ("Petitioner") motion seeking attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (ECF No. 10) ("Application"). Respondents oppose the Application. (ECF No. 11.) The Court has carefully considered the parties' submissions and decides the Application without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons expressed below, the Application is **DENIED**.

## I. BACKGROUND

Petitioner is a native and citizen of Peru who entered the United States without inspection in or about December 2022 and has lived in New Jersey since then. (ECF No. 1 ¶¶ 2, 57–59.) He has an asylum application pending before the Newark Immigration Court and no criminal record. (*Id.* ¶¶ 61, 63.)[1] On or about July 5, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner near Perth Amboy, New Jersey, and detained him at the Delaney Hall Detention

[1]Petitioner pleaded these facts on information and belief. (ECF No. 1 at 18 n.5.) Respondents have not contested them.

Facility in Newark. (*Id.* ¶¶ 3, 15, 65.) Respondents treated Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), consistent with interim guidance that the Department of Homeland Security ("DHS") issued to ICE employees on July 8, 2025, and with the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶¶ 4, 6–7, 28, 67.)

On July 9, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) ("Petition") and a motion for a temporary restraining order (ECF No. 2). The Petition contended that § 1225(b)(2)(A) does not reach a person who entered without inspection and has lived in the United States for years, that his detention is instead governed by 8 U.S.C. § 1226(a), and that detaining him without an individualized custody determination violated the Due Process Clause. (ECF No. 1 ¶¶ 8–10, 20–56, 76–90.) That morning, the Court enjoined Respondents from transferring Petitioner out of New Jersey. (ECF No. 4.)[2]

Later that day, the Court entered a Text Order. (ECF No. 5.) It directed that, if Respondents contested Petitioner's factual allegations, contended that he had a criminal record, or asserted that the case was distinguishable from the cases in this District previously addressing § 1225(b)(2), they were to file an expedited answer within seventy-two hours. (*Id.*) It further provided that, if Respondents did not do so, and to the extent their detention of Petitioner relied on the statutory interpretation the Court had rejected in *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025), *Hueso v. Soto*, No. 26-1455, 2026 WL 539271 (D.N.J. Feb. 26, 2026), and *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192 (D.N.J. Mar. 2, 2026), "the Court holds Petitioner's mandatory detention under Section 1225(b)(2) is unlawful," and Respondents were to release him within seventy-two hours. (*Id.*)

[2]The order barring transfer was entered by Chief Judge Renée Marie Bumb. (ECF No. 4.)

Respondents appeared through counsel (ECF No. 6) and filed the declaration the Order required (ECF No. 7). They did not file an expedited answer. On July 10, 2026, they reported that ICE had released Petitioner on July 9, 2026, at approximately 3:40 p.m. (ECF No. 8; *see* ECF No. 10 at 3.) On July 13, 2026, the Court denied the motion for a temporary restraining order without prejudice as moot and directed the Clerk to close the matter. (ECF No. 9.)

On October 8, 2026, Petitioner filed the Application, seeking $2,253.17 in fees for 5.4 attorney hours and 4.7 paralegal hours. (ECF No. 10 at 9–11; ECF No. 10-1 at 2.) Petitioner contends that the EAJA reaches this action, that the Application is timely, that he is a prevailing party, and that Respondents' position was not substantially justified because they detained him in July 2026, after four courts of appeals and this Court had rejected the Government's reading of § 1225(b)(2)(A), and then declined to defend the detention. (ECF No. 10 at 3–8.) Petitioner acknowledges that the Fifth and Eighth Circuits adopted the Government's reading. (*Id.* at 7.)

On October 19, 2026, Respondents filed a letter brief in opposition. (ECF No. 11.) They argue that their position was substantially justified because, when ICE arrested Petitioner, two courts of appeals and the Board had adopted the Government's reading, a minority of district courts had accepted it, and the Third Circuit had not yet rejected it. (*Id.* at 3–5.) They also state in a single sentence that the Application is untimely, without developing the point. (*Id.* at 3.) They do not argue that Petitioner is not a prevailing party.

## II. <u>LEGAL STANDARD</u>

The Court has authority to decide the Application. A request for attorneys' fees is collateral to the merits of the underlying action, and the Court retains jurisdiction to resolve it after the action has been closed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451–52 (1982). The EAJA itself presupposes as much,

because the thirty-day period for filing an application does not begin to run until the judgment is final and not appealable. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G).

## III. DISCUSSION

### A. The EAJA Framework

Under the EAJA, a court "shall award" fees and other expenses to a prevailing party in a civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of showing that its position was substantially justified. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026). A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), that is, if it has "a reasonable basis in both law and fact," *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). The Government must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

The "position of the United States" includes both its litigation position and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). In immigration cases, the Government must therefore satisfy the test twice: once for its underlying conduct and once for its position in the ensuing litigation. *Michelin*, 169 F.4th at 433 (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)); *accord Hernandez Diaz v. Bondi*, No. 26-46, 2026 WL 1213196, at *1 (D.N.J. May 4, 2026). The Court does not assume that the Government's position was unjustified because the Government lost. *Michelin*, 169 F.4th at 433.

A position can be substantially justified even if it is incorrect, *see Pierce*, 487 U.S. at 566 & n.2, so the question is whether a reasonable person could be satisfied that the position had a reasonable basis in law and fact when it was taken. The determination is committed to the Court's discretion. *See id.* at 559–63; *Cruz*, 630 F.3d at 324.

### B. Threshold Issues

*Michelin* binds this Court on the question of whether the EAJA reaches a habeas petition under 28 U.S.C. § 2241 challenging immigration detention. 169 F.4th at 425, 432.[3] Respondents state in passing that the Application is untimely but offer no argument in support. (ECF No. 11 at 3.) They do not argue that Petitioner is not a prevailing party. The Court assumes without deciding that the Application is timely and that Petitioner is a prevailing party, because the Application fails on substantial justification.

### C. Respondents' Position Was Substantially Justified

#### *1. The Detention*

Respondents' underlying conduct was ICE's decision to detain Petitioner without bond under § 1225(b)(2)(A). The facts on which that decision rested are not in dispute: Petitioner entered without inspection in December 2022, was arrested in the interior of New Jersey in July 2026, and had not been admitted. (ECF No. 1 ¶¶ 57–58, 65.) Respondents' theory, reflected in DHS's July 8, 2025 guidance and in the Board's precedential decision in *Yajure Hurtado*, is that a noncitizen who is present in the United States without having been admitted is an "applicant for admission" who is "seeking admission" within the meaning of § 1225(b)(2)(A). If accepted, that

[3]Petitioner acknowledges that other courts of appeals disagree and that the Supreme Court has granted *certiorari* on the question. (ECF No. 10 at 4–5.) *Michelin* remains binding on this Court unless and until it is overruled.

theory applied to Petitioner. The question is therefore whether the theory itself had a reasonable basis in law in July 2026.

In July 2026, neither the Supreme Court nor the Third Circuit had resolved that question. Two courts of appeals, each by a divided panel, had adopted the Government's reading. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–500 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1133–38 (8th Cir. 2026). Four others had rejected it. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 84 (2d Cir. 2026) (April 28); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026) (May 6); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026) (May 11); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250–51 (10th Cir. 2026) (June 30).

This Court rejected the Government's reading in *Valerio*, *Hueso*, and *Fajardo-Nugra*, and it adheres to those decisions. The Third Circuit has since reached the same conclusion. But the question under the EAJA is not whether the Government was correct. It is whether a reasonable person could be satisfied that the Government's position was justified. In *Hernandez Diaz*, the Court concluded that a reasonable person could be so satisfied where two courts of appeals had adopted the Government's reading, one had rejected it, and no binding Third Circuit precedent contradicted it, even though this Court and most courts to have ruled disagreed. 2026 WL 1213196, at *1. The record here differs in degree: by July 2026, four courts of appeals had rejected the Government's reading. The Court regards the question on this record as a close one. But two courts of appeals still held that the Government was right, the Board had adopted the Government's reading in a precedential decision, and the Third Circuit had not spoken. On that combination of circumstances, and only on that combination, the Court concludes that a reasonable person could be satisfied that Respondents' position had a reasonable basis in law.

Respondents rely on the Fifth and Eighth Circuit decisions, the Board's decision in *Yajure Hurtado*, a minority of district courts that accepted the Government's reading, and the absence of Third Circuit authority at the time of the arrest. (ECF No. 11 at 1–5.) The Court's conclusion rests on the first, second, and last of those circumstances. It treats the Board's decision as part of the legal landscape, as an adoption of the Government's reading by the agency's highest administrative body, and not as a rule that left Respondents no choice. It does not rely on the number of district courts that accepted the Government's reading, which Respondents emphasize (*id.* at 5), or on Respondents' argument that the Board's decision bound DHS personnel (*id.* at 4–5), which other judges of this District have accepted.[4] The Court does not decide whether either consideration, alone or together, would suffice.

***2. Petitioner's Arguments***

*The weight of authority.* Petitioner emphasizes that four courts of appeals had rejected the Government's reading by the time he was detained. (ECF No. 10 at 6–8.) The Court has weighed that fact, and it is the principal difference from *Hernandez Diaz*. It does not change the result on this record. The fact that other courts have agreed or disagreed with the Government is not conclusive of whether its position was substantially justified, *see Pierce*, 487 U.S. at 568–69, and here the courts of appeals were divided and the Third Circuit had not decided.

*This Court's prior decisions.* Petitioner also points to this Court's prior rejection of the Government's reading, which ECF No. 5 cited. (ECF No. 10 at 6–7.) The Court recognizes those

[4]Judges of this District have reached different results on fee applications arising from this policy. *Compare Tyagi v. Soto*, No. 26-962, 2026 WL 1052894, at *2–3 (D.N.J. Apr. 20, 2026) (denying fees), *and Mejia-Vargas v. Bondi*, No. 25-cv-18892, 2026 WL 2124026, at *2–3 (D.N.J. July 23, 2026) (denying fees on the ground that a binding Board decision had to be followed), *with Kumar v. Soto*, No. 26-cv-203, 2026 WL 1458522, at *2–3 (D.N.J. Apr. 22, 2026) (granting fees). *See* ECF No. 11 at 2 n.2.

decisions and adheres to them. They establish how this Court interpreted the statute. They do not, on this record, alter the conclusion that a reasonable person could be satisfied that Respondents' position had a reasonable basis in law while the courts of appeals were divided and the Third Circuit had not spoken.

*The decision not to defend.* Petitioner argues that Respondents' failure to file an expedited answer is strong evidence that their position lacked a reasonable basis. (ECF No. 10 at 7.) The Court does not draw that inference from this record. Respondents complied promptly with the Court's Order. The EAJA is not a sanction for declining to litigate, and a decision to comply with an order does not by itself show that the underlying position lacked a reasonable basis. Nor does the Court hold that such a decision establishes that it had one.

*Contreras Maldonado.* Petitioner also seeks to distinguish *Contreras Maldonado v. Cabezas*, No. 25-13004, ECF No. 53 (D.N.J. Sept. 29, 2026), in which another judge of this District denied fees. (ECF No. 10 at 7–8.) The Court need not decide whether that decision is distinguishable, because its conclusion rests on the record here and on the principles applied in *Hernandez Diaz*.

### ***3. Respondents' Litigation Position***

Respondents appeared through counsel, filed the declaration the Court required, and complied with the Order by releasing Petitioner on the day it issued. (ECF Nos. 6–8.) As in *Hernandez Diaz*, the Court regards that compliance as supporting the reasonableness of Respondents' litigation position. 2026 WL 1213196, at *1–2. The Court does not hold that compliance, standing alone, establishes substantial justification, or that it can cure an underlying position that lacked a reasonable basis. Here, the underlying position had a reasonable basis for the reasons given above, and nothing in the record suggests that Respondents' conduct in this

action was unreasonable. Respondents have therefore satisfied the test as to both their underlying conduct and their litigation position.

**D. The Scope of This Holding**

This Opinion decides one Application on one record. Its conclusion rests on a combination of circumstances present when Respondents acted in July 2026: two courts of appeals had adopted the Government's reading, the Board had adopted it in a precedential decision, and the Third Circuit had not decided the question. The Court does not announce a rule for other cases, and it does not hold that any one of those circumstances, standing alone, would suffice. Three further points bear emphasis. The Court assumes without deciding that Petitioner is a prevailing party and expresses no view on that question. The Court does not decide whether a Board decision that binds DHS personnel can by itself supply substantial justification for an action that courts have rejected, as Respondents contend. And the Court does not decide whether the number of district courts that accepted the Government's reading bears on the inquiry.

On August 28, 2026, after the conduct at issue, the Third Circuit decided *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), holding that § 1225(b)(2)(A) does not authorize the mandatory detention of noncitizens who entered without inspection, have lived in the United States for years, and are not actively seeking admission, and that detaining them without a bond hearing violates due process. Slip op. at 12–14, 37–41. The Court does not apply that decision retroactively to Respondents' July 2026 conduct. But the consideration the Court found significant here and in *Hernandez Diaz*, the absence of binding Third Circuit precedent, no longer exists. The Court decides nothing about the substantial-justification inquiry for any detention after *Buele Morocho*, including any detention in which the

Government had notice of that decision, and nothing in this Opinion should be read to suggest that the circumstances relied on here would carry the same weight in such a case.

## IV. CONCLUSION

For the reasons expressed above, the Court concludes that Respondents have shown that their position, in detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A) and in the ensuing litigation, was substantially justified. Because that conclusion is sufficient to deny the Application, the Court does not decide whether Petitioner is a prevailing party, whether any special circumstances would make an award unjust, or whether the fees requested are reasonable. Petitioner's Application (ECF No. 10) is **DENIED**. An appropriate order follows.

Date: November 17, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**